Qing CHEN Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–4796–AG.

United States Court of Appeals, Second Circuit.

Jan. 19, 2006.

**64**

Gary Y. Yerman, New York, New York, for Petitioner.

David E. Nahmias, United States Attorney, Neelie Ben–David, Assistant United States Attorney, Atlanta, Georgia, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Qing Chen, through counsel, petitions for review of the BIA decision denying his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34 (internal quotation marks and citations omitted).

The BIA denied Chen's motion to reopen, in part, because it concluded that Chen has not adequately addressed the IJ's reasons for denying relief. The newly-discovered evidence was unavailable at the time that the IJ rendered her decision, and this evidence does suggest that China's family planning laws are more exacting than the previous laws. However, the IJ's decision was based on her adverse credibility finding, and not on the veracity of the Chinese family planning policy. Therefore, the BIA did not abuse its discretion when it denied Chen's motion to reopen based, in part, on the absence of any arguments contradicting the IJ's decision.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).